**Cochran Estate**

*Edward M. David,* of *Saul, Ewing, Remick & Saul,* for accountants.

*Alan Reeve Hunt,* of *Duane, Morris & Heckscher, L. Pierre Teillon, Jr.,* of *Montgomery, McCracken, Walker & Rhoads,* and *G. Selden Pitt,* of *Clark, Ladner, Fortenbaugh & Young,* for charitable beneficiaries.

*Philip A. Bregy,* of *Drinker, Biddle & Reath,* for trustees of appointed trusts.

*Lawrence Barth,* for the Commonwealth as parens patriae for charities.

KLEIN, *C.J.,* July 20, 1978—Mary N. Cochran died November 26, 1921, leaving a will which granted a general power of appointment over her residuary trust to her sister, Fanny T. Cochran. By writing dated February 17, 1950, Fanny T. Cochran limited her power of appointment as to $250,000 of her sister's trust but retained her general power of appointment over the balance.

The terms of decedent's will need not be recited as the dispositive provisions contained therein are set forth in the statement of proposed distribution.

Fanny T. Cochran died June 16, 1977, and her death is the occasion for filing the present account. By the terms of her will she exercised her limited and general powers of appointment over the trust under the will of her sister. In paragraph A of article IV she exercised her limited power of appointment by creating trusts for her daughters, Eleanor and Virginia, each in the amount of $125,000. In paragraph B of article IV she exercised her general power of appointment in subparagraphs 1 through 7 by creating several trusts, adding to other trusts,

making a number of pecuniary gifts, and, in subparagraph 8, by appointing the balance of principal in equal shares to Bryn Mawr College and Pendle Hill, Inc. Included among these trusts are five separate trusts to pay stated dollar amounts yearly to various annuitants, and, on the death of the annuitants, to pay the principal in equal shares to Bryn Mawr College and Pendle Hill, Inc. These annuity trusts do not qualify as "charitable remainder annuity trusts" entitled to an estate tax charitable deduction under the Internal Revenue Code, as amended by the Tax Reform Act of December 30, 1969, 83 Stat. 487. Section 2055(e)(3) of the code provides that in such cases the deduction will be allowed where the instrument is reformed by judicial decree so as to satisfy the requirements of the code as a result of a legal proceeding initiated before December 31, 1977.

Craig M. Sharpe, executor of the will of Fanny T. Cochran and trustee of the appointed trusts, filed a timely petition with this court for a citation directed to the parties in interest to show cause why the trusts should not be reformed. The citation was awarded and the only answer filed was by Bryn Mawr College which suggested in new matter an amendment to the prayer of the petition providing for a further technical addition. In the petitioner's reply to the new matter, the suggested amendment was accepted and a final decree, including the amendment, was entered June 15, 1978.

• • •

The statement of proposed distribution lists a number of questions which require adjudication. At the audit Mr. David submitted a memorandum wherein he sets forth the status of each such question. We shall refer to them in the order in which

they appear in paragraph (i) of the statement of proposed distribution:

I. This is a request that the will of Fanny T. Cochran be reformed. As noted above, a decree was entered June 15, 1978, for that purpose. Said decree will be found in this court's records in the estate of Mary N. Cochran.

II. The accountants request the retention of the sum of $250,000 for the purpose of paying the following annuities created by paragraph fourth of the will of Mary N. Cochran, with the understanding that any unused income be paid in equal shares to Bryn Mawr College and Pendle Hill, Inc.:

Rose Canning—$600 per annum for life

Auxiliary to the Pennsylvania Society for the Prevention of Cruelty to Animals—$2,000 per annum in perpetuity

Family Service of Philadelphia—$5,000 per annum in perpetuity

At the audit there was no agreement among the parties in interest as to the principal amount that would assure the payment of $7,000 of perpetual annuities and a $600 annuity for the life of an individual. Craig M. Sharpe, trustee of the trust in the estate of Mary N. Cochran as appointed by Fanny T. Cochran, took the position that a $250,000 reserve for these annuities, representing a capitalization of about 3 percent of all three annuities and 2.8 percent after the individual annuitant died, is excessive. He suggested the reserve be fixed at $175,000 and that surplus income be added to principal until the fund increases to $250,000, at which point the surplus income would be paid to the residuary charities.

Bryn Mawr College and Pendle Hill, Inc., the residuary charities, suggested a reserve of $150,000 with excess income to be paid in part to the charities and in part accumulated until the principal sum totals $200,000, when all excess income would be paid to the charities. The Auxiliary to the Pennsylvania Society for the Prevention of Cruelty to Animals agreed with the accountants that $250,000 should be set aside for these annuities.

It is apparent that a consensus on this issue will be difficult, if not impossible, to achieve. We shall therefore resolve the controversy by directing the retention of $200,000 to fund the annuities in question, with all excess income to be paid to the residuary charities annually. We are satisfied that for the forseeable future this fund will be more than adequate to support the annuities. Should there come a time when it appears likely that it may not be adequate, it will be the responsibility of the trustee to seek appropriate relief from this court.

•  •  •

And now, July 20, 1978, the account is confirmed nisi.